UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LERNA MAYS,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | Case No. 17-CV-07174-LHK<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 19 |

    Plaintiff Lerna Mays ("Plaintiff") filed this putative wage and hour class action against Defendant Wal-Mart Stores, Inc. ("Defendant") on December 18, 2017. ECF No. 1 ("Compl.").[1] On February 9, 2018, Defendant filed the instant motion to transfer venue to the Central District of California. ECF No. 19. ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing for this matter currently scheduled for May 31, 2018. *See* ECF No. 23. Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS the motion to transfer venue.

---

[1] All ECF citations are to the docket in the instant case, No. 17-CV-7174, unless otherwise specified.

1

Case No. 17-CV-07174-LHK
ORDER GRANTING MOTION TO TRANSFER

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a resident of Los Angeles County. *See* ECF No. 1-2. Between September 11, 2007 and February 6, 2016, Plaintiff worked at Wal-Mart Store #2960 in Baldwin Hills, California. Declaration of Emely Escareno, ECF No. 19-1 at ¶ 5 ("Escareno Decl."). Between February 6, 2016 and February 10, 2017, Plaintiff worked at Wal-Mart Store #3522 in Baldwin Park, California. *Id.* at ¶ 6. Both Baldwin Hills and Baldwin Park are located in the Central District of California.

Plaintiff filed the instant putative wage and hour class action in the Northern District of California on December 18, 2017. *See* Compl. Plaintiff asserted seven causes of action under California law: (1) Continuing Wages Penalty, Cal. Lab. Code §§ 201-03; (2) Failure to Provide Adequate Pay Stubs, Cal. Lab. Code § 226(a); (3) Failure to Provide Reporting Time Pay, IWC Wage Order 7; (4) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (5) Failure to Provide Employment Records, Cal. Labor Code § 226(b); (6) Failure to Provide Employment Records, Cal. Labor Code § 1198.5; and (7) a Private Attorneys General Act claim, Cal. Lab. Code §§ 2698 *et seq. See* Compl. at 1.

Plaintiff asserted that the instant case was related to another case pending before the Court, *Magadia v. Walmart Associates, Inc.*, No. 17-CV-62-LHK, and filed an administrative motion to relate the instant case to *Magadia* on December 22, 2017. *See* No. 17-CV-62 at ECF No. 80 (administrative motion to relate cases); ECF No. 1-2 (listing *Magadia* as a related case on the civil cover sheet for the instant case). The *Magadia* case involved four claims: (1) Failure to Provide Meal Breaks, Cal. Lab. Code §§ 226.7, 512; (2) Failure to Provide Adequate Pay Stubs, Cal. Lab. Code § 226(a); (3) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (4) a Private Attorneys General Act claim, Cal. Lab. Code §§ 2698 *et seq. See* No. 17-CV-62 at ECF No. 1-1. The plaintiff in *Magadia* opposed Plaintiff Mays's administrative motion to relate on December 26, 2017. No. 17-CV-62 at ECF No. 81. On January 9, 2018, the Court denied the administrative motion to relate the instant case to *Magadia*. No. 17-CV-62 at ECF No. 83. Also on January 9, 2018, the Court granted class certification in *Magadia*, No. 17-CV-62 at ECF No. 84.

2

On February 9, 2018, Defendant filed an answer to the complaint in the instant case. ECF No. 18. That same day, Defendant filed the instant motion to transfer venue to the Central District of California. ECF No. 19. Plaintiff opposed the motion to transfer on February 23, 2018. ECF No. 20 ("Opp'n"). On March 2, 2018, Defendant filed a reply. ECF No. 24 ("Reply"). On March 9, 2018, Defendant filed an amended answer. ECF No. 25.

The Court will discuss additional facts as relevant in its discussion of the merits of the motion to transfer, below.

## II. LEGAL STANDARD

Defendant asserts that transfer is appropriate pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)).

When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

Pursuant to Section 1404(a), a court should consider: (1) the convenience of the parties, (2)

3

Case No. 17-CV-07174-LHK
ORDER GRANTING MOTION TO TRANSFER

the convenience of the witnesses, and (3) the interest of justice. 28 U.S.C. § 1404(a). As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), additional factors that a court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorn*, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc.*, 487 U.S. at 29; *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir.1988)).

## III. DISCUSSION

### A. Step One: This Case Could Have Been Brought in the Central District of California

At the first step of the two-part inquiry into whether transfer would be appropriate, the Court must consider whether the case could have been brought in the putative transferee district, here the Central District of California. The Court finds that this action could have been brought in the Central District of California. Plaintiff does not dispute that this case could have been brought in the Central District. Plaintiff is a resident of the Central District. *See* ECF No. 1-2. The events giving rise to Plaintiff's claims occurred in the Central District because Plaintiff alleges violations of the Labor Code that occurred during her employment with Defendant, and Plaintiff has only worked at Defendant's stores located in the Central District. *See* Compl. ¶¶ 12-31; Escareno Decl. ¶¶ 5-6; 28 U.S.C. § 1391(b)(2) (stating that venue is proper in "a judicial district in which a substantial part of the events or omission giving rise to the claim occurred"). In addition, courts in the Central District are equally as able to assert personal jurisdiction over Defendant as this Court is. Thus, the Court finds at step one of the transfer analysis that this case could have been brought in the Central District of California. The Court next proceeds to assessing the convenience and

1    fairness factors.

2    **B.   Step Two: Transfer of This Case Would Serve the Interest of Justice**

The five central considerations in assessing Defendant's motion to transfer in this case are: (1) Plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the location of the evidence; and (4) other factors related to fairness and the interest of justice, including the fact that *Magadia* is pending before this Court. The Court will address each in turn.

   **1.   Plaintiff's Choice of Forum**

Plaintiff opposes Defendant's motion to transfer on the ground that "a plaintiff's choice of forum is entitled to considerable weight and a defendant must make a strong showing of inconvenience to warrant upsetting this choice." Opp'n at 7 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

While substantial consideration is generally given to a plaintiff's choice of forum, the degree of deference is substantially diminished in several circumstances, including where: (1) "the plaintiff's venue choice is not its residence," *Fabus Corp. v. Asiana Exp. Corp.*, No. 00-3172, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001); (2) the conduct giving rise to the claims occurred in a different forum, *see, e.g.*, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration."); and (3) the plaintiff sues on behalf of a putative class, *see id.* ("[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."). *See also Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013) (reciting same factors).

The Court finds that these three circumstances are all present in this case. First, Plaintiff is currently a resident of Los Angeles, which is located in the Central District. *See* ECF No. 1-2. Second, Plaintiff's claims arise out of her work at two Wal-Mart stores, both of which are located in the Central District. *See* Compl. ¶¶ 12-31; Escareno Decl. ¶¶ 5-6. Third, Plaintiff purports to bring this case on behalf of a state-wide class. *See* Compl. ¶¶ 3, 36. As a result, the Court finds that Plaintiff's chosen venue in this action is entitled to less deference than is generally given in

assessing motions to transfer. *See Arreola v. Finish Line*, No. 14-CV-3339-LHK, 2014 WL 6982571, at *9 (N.D. Cal. Dec. 9, 2014) (concluding that plaintiff's chosen venue was entitled to less deference where plaintiff did not reside in the forum, plaintiff brought a putative class action, and the suit stemmed from conduct occurring in another district); *Park*, 964 F. Supp. 2d at 1094 (same).

### 2. Convenience of Parties and Witnesses

The parties dispute whether the convenience of the parties and witnesses favor transfer. *Compare* Mot. at 6-7 *with* Opp'n at 8-12.

Defendant contends that the Central District is more convenient for the parties because Plaintiff and lead counsel for both parties are located in the Central District. Mot. at 6. In addition, Defendant argues that the material witnesses in this case "will be people who worked at [the same] stores" in the Central District as Plaintiff did. *Id.* at 7. Plaintiff counters that "Defendant maintains offices and stores in the Northern District," including "the two largest California administrative offices for Walmart," which are "filled with computer specialists who will probably be the central witnesses in this case." Opp'n at 2. In addition, Plaintiff asserts that the Northern District is equally convenient for counsel, because both Plaintiff's counsel and Defendant's counsel maintain offices in the Northern District. *Id.* at 8-9. Plaintiff argues that Defendant failed to produce specific information about the identity of any potential witnesses and their locations. *Id.* at 10-11. In addition, Plaintiff asserts that there are some witnesses in the Northern District, including Plaintiff's expert witness. *Id.* at 10; Declaration of Alan Harris, ECF No. 20-1 ("Harris Decl."), ¶ 6.

Defendant replies that Plaintiff herself will be a key witness, and Plaintiff lives in the Central District. In addition, the Wal-Mart employees who allegedly "failed to relinquish Plaintiff's personnel records to her, failed to credit her for reporting time, and failed to compensate her for unused vacation time" would all have worked at the Baldwin Hills and Baldwin Park stores at which Plaintiff worked. Reply at 6-7. Defendant adds that the two Northern District "administrative offices" that Plaintiff identifies as likely to supply "central witnesses" in this case

6
Case No. 17-CV-07174-LHK
ORDER GRANTING MOTION TO TRANSFER

are offices that focus on "develop[ing] innovations to make in-store and online shopping more efficient," and thus have nothing to do with the instant wage and hour case. *Id.* at 7-8. Finally, Defendant notes that even though both parties' counsel's firms maintain offices in the Northern District, all the attorneys of record work in the Central District, as evidenced by their information on the docket. *Id.* at 7.

Plaintiff has not adequately explained why it would be more convenient for her to litigate in the Northern District than the Central District when Plaintiff and both parties' attorneys live and/or work in the Central District. Travel costs would certainly be lower and scheduling court appearances would be easier if the case were litigated where Plaintiff and all counsel live. The Court thus finds that it will be more convenient for the parties to litigate in the Central District than in the Northern District because Plaintiff, Plaintiff's counsel, and Defendant's counsel all reside or work in the Central District. *See Park*, 964 F. Supp. 2d at 1095 (finding that convenience of the parties weighed in favor of transfer where Plaintiff and all counsel lived in the putative transferee district).

As to the convenience of witnesses, generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and "[t]he convenience of witnesses is often the most important factor in resolving a motion to transfer." *Bunker v. Union Pac. R.R. Co.*, No. 05-04059, 2006 WL 193856, *2 (N.D. Cal. Jan. 23, 2006) (citing *A.J. Industries, Inc. v. United States District Court*, 503 F.2d 384, 389 (9th Cir. 1974)). Here, Plaintiff and Defendant have each identified one witness with specificity: Plaintiff's expert witness, Mary Donnelly, resides in South San Francisco, Harris Decl. ¶ 6, while Plaintiff resides in Los Angeles County, ECF No. 1-2. Beyond these two specific witnesses, neither party identifies any other witnesses by name.

However, the Court finds it more likely that employees at the stores in the Central District where Plaintiff worked will be called as witnesses than will the unspecified "tech workers" in San Bruno and Sunnyvale. *See* Harris Decl. ¶ 8; Exh. 6 to Harris Decl. (stating that new jobs in San Bruno and Sunnyvale are "merchandise and category specialists" and relate to efforts to "improve the customer experience). In a case with similar circumstances, where a plaintiff resided in the

7
Case No. 17-CV-07174-LHK
ORDER GRANTING MOTION TO TRANSFER

Central District and brought a putative wage and hour class action based on his employment in the Central District, the Court found that "should either party call non-party witnesses—such as [the plaintiff's] former co-workers or managers who could testify as to the policies, conditions, or practices at [the plaintiff's] place of employment—these witnesses will most likely reside within the Central District." *Arreola*, 2014 WL 6982571, at *10. Indeed, other district courts in this Circuit have held that where, as here, a plaintiff brings a statewide putative class action based on employment law violations alleged to have occurred in another district, non-party witnesses are more likely to reside in the district where the alleged misconduct transpired and that this factor tips in favor of transferring venue. *See Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-5205 YGR, 2014 WL 715082, at *5 (N.D. Cal. Feb. 14, 2014) (finding that, in an employment class action involving disputes over rest periods, payment practices, and employment policies, witnesses would likely include plaintiffs' former managers and supervisors, almost all of which were in the Central District); *Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *4 (N.D. Cal. Sept. 14, 2011) (finding that, in an employment class action where the plaintiffs resided in the Central District, "the principal witnesses in this case will be Plaintiffs and their local managers and co-workers who mostly reside in the Central District."); *Ruiz v. Affinity Logistics Corp.*, No. C 05-02015 JSW, 2005 WL 5490240, at *3 (N.D. Cal. Nov. 7, 2005) (finding that, where plaintiff was employed exclusively in the Southern District of California, relevant third-party witnesses were most likely to be located there). Thus, the convenience of the witnesses weighs in favor of the Central District.

Because Plaintiff resides in the Central District, Plaintiff's counsel and Defendant's counsel reside in the Central District, and the Court finds it likely that more witnesses will reside in the Central District than in the Northern District, the Court finds that the convenience of the witnesses and parties weigh in favor of transfer to the Central District.

**3. Location of Evidence**

Defendant contends that because Plaintiff was employed at Wal-Mart stores in the Central District, "the most relevant witnesses, documents and materials therefore are likely to be located in

8

Case No. 17-CV-07174-LHK
ORDER GRANTING MOTION TO TRANSFER

the Central District." Mot. at 7. Plaintiff counters that it is not difficult for Defendant to move evidence and witnesses because Defendant "is a giant multinational corporation." Opp'n at 11. Plaintiff adds that Defendant has not identified any evidence that would be unavailable if the case were litigated in the Northern District. *Id.* "However, the issue is the 'ease of access' to the sources of proof, not whether the evidence would be unavailable absent the transfer." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1166 (S.D. Cal. 2005). In any event, the Court finds that this factor is neutral. Defendant has only generally argued that documents and materials are more likely to be located in the Central District—Defendant has not affirmatively represented that documents and materials are actually stored in the Central District, as opposed to an online database, for example. *Cf. Park*, 964 F. Supp. 2d at 1095 (finding that this factor weighed in favor of transfer where Defendant represented that the evidence most likely to be relevant was largely maintained at a specific office in the putative transferee district). Thus, it is not clear where the relevant documentary evidence—as distinct from the witnesses—is located. This factor is thus neutral.

### 4. Other Factors Related to the Interest of Justice

In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." *Decker Coal Co.*, 805 F.2d at 843.

"To measure congestion, courts compare the two fora's 'median time from filing to disposition or trial.'" *Ctr. For Food Safety v. Vilsack*, No. C 11-00831 JSW, 2011 WL 996343, at *8 (N.D. Cal. Mar. 17, 2011) (quoting *Costco Wholesale Corp. v. Liberty Mutual Ins. Co.*, 472 F. Supp. 2d 1183-96 (S.D. Cal.2007)). According to statistics maintained on the United States Courts website, the median time from filing to disposition and filing to trial in the Northern District of California is 7.2 months and 24.8 months, respectively. The median time from filing to disposition and filing to trial in the Central District is 4.9 months and 18.9 months. *See* Comparison of Districts Within the Ninth Circuit – 12-Month Period Ending September 30, 2017,

9

Case No. 17-CV-07174-LHK
ORDER GRANTING MOTION TO TRANSFER

http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2017.pdf.[2]

Although these differences are not huge, the Court nonetheless finds that the comparative congestion of the Northern District and Central District slightly favors transfer.

Plaintiff contends that it would be more efficient for the Court to hear the instant case because "this Court is particularly informed regarding the current operation of Wal-Mart stores and the applicable law" due to *Magadia*. Opp'n at 2. However, the Court previously determined that the instant case is not related to *Magadia*. *See* ECF No. 12. The instant case involves claims not at issue in *Magadia*, and Plaintiff asserts different theories than the plaintiff in *Magadia* for the claims that do overlap. Specifically, Plaintiff claims that her wage statements were defective because they did not include dates of the pay period, vacation pay earned, and the legal entity of the employer, whereas the plaintiff in *Magadia* claims that his wage statements were defective because they did not include the correct rate of pay, the rates of pay, the meal premiums paid, and the inclusive dates for which the employee was paid. *Compare* ECF No. 1 at ¶ 51 *with* No. 17-CV-62, ECF No. 1-1 at ¶ 31. Moreover, this Court has no more familiarity with California wage and hour law than any other federal district court in California, nor does this Court have any more knowledge of Defendant's operations than the courts in the Central District that also have wage and hour claims against Wal-Mart pending on their dockets. *See, e.g.*, *Evans v. Wal Mart Stores, Inc.*, 17-CV-7641-AB-KK (C.D. Cal.); *Prado v. Wal-Mart Stores, Inc.*, 17-CV-5630-AB-KK (C.D. Cal.); *Hamilton v. Wal-Mart Stores, Inc.*, 17-CV-1415-AB-KK (C.D. Cal.). Thus, the fact that *Magadia* is pending before this Court is neutral.

Finally, with respect to the local interest in deciding local controversies, Defendant argues the Central District's local interest in resolving the controversy is stronger than the Northern District's, even if not substantially so, because the events at issue took place in the Central

---

[2] The Court takes judicial notice of the statistics published on the website of the Administrative Office of the U.S. Courts. *See Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies.").

District. Mot. at 7-8. Plaintiff contends that this factor is neutral because neither district has a greater interest in resolving state-wide claims. Opp'n at 12. In similar circumstances in *Arreola*, the Court held that the local interest factor supported transfer. Specifically, the Court found that while the Northern and Central Districts would have an equal interest in a certified class's case, the Central District had a greater interest in Arreola's individual claim because the underlying events took place in the Central District. *Arreola*, 2014 WL 6982571 at *11 (citing *Vu v. Ortho–McNeil Pharm., Inc.*, 602 F.Supp.2d 1151, 1157 (N.D. Cal.2009) (finding that, while the transferee district's interest was not substantially stronger than the transferor's, it "nevertheless remains stronger because the events at issue took place there")). Thus on balance, the Court finds that this factor tips in favor of transfer.

To summarize, the Court finds that all relevant factors either favor transfer to the Central District or are neutral. Thus, on balance, the factors weigh in favor of transfer. The Court therefore GRANTS Defendant's motion to transfer to the Central District of California.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue to the Central District of California is GRANTED. The Court shall transfer the case to the Central District of California and shall close the file in this district.

**IT IS SO ORDERED.**

Dated: March 19, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

11
Case No. 17-CV-07174-LHK
ORDER GRANTING MOTION TO TRANSFER